SMITH, Judge.
The wife’s appeal complains of the financial aspects of the trial court’s judgment in this dissolution action. The judgment, entered in June 1977, awarded the wife the marital home, which had an unencumbered value of $88,500; the household contents and an automobile; bank stock having a value of $3,000; fee money for the services of her attorney; and $850 per month of rehabilitative alimony for five years. The chancellor further directed the husband to pay $150 per month of child support, the child’s medical expenses, and the premiums on a $50,000 insurance policy on the husband’s life during the child’s minority. The child was seven years old at the time of the dissolution judgment. Two other children of the marriage have attained majority. The chancellor reserved jurisdiction for the purpose of modifying alimony and support provisions as changing circumstances may require.
Appellant urges that the amounts of alimony and child support are insufficient and that the alimony awarded should be permanent. The record reveals a rational basis for the chancellor’s decision on the money issues, and we will not disturb it. To do so we should have to hold, as a matter of law, that a woman who is a college graduate and was previously employed, and is now 45 years of age, is incapable of vocational rehabilitation. Granting that that is so in many cases, the chancellor found that this is not such a case. The chancellor ordered rehabilitative support for five years, or until the minor child is twelve years old, and it does not appear as a matter of law that the mother’s efforts at vocational rehabilitation during those five years would be injurious to the child. We do not prescribe this particular course in all cases; nor, we suspect, would the chancellor. But when as here the chancellor’s judgment is sensitive to the complex money issues, the judgment prescribes a rational solution for the individual case, and the chancellor has retained jurisdiction to adjust alimony provisions should future circumstances so indicate, it is inappropriate for shifting three-judge panels of a seven-judge appellate court to impose their collective or majority views of what is needed. We affirm, but allow the wife fee money for the services of her attorney on appeal, in an amount to be determined below.
AFFIRMED.
BOYER, J., concurs.
McCORD, C. J., dissents, with opinion.